IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LINDA COLON, individually and on behalf of similarly situated persons,<br><br>Plaintiff,<br><br>v.<br><br>EYM PIZZA OF ILLINOIS, LLC and EDUARDO DIAZ,<br><br>Defendants. | Case No. 18-cv-5743<br><br>Judge Mary M. Rowland |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's motion for step-one notice of her Fair Labor Standards Act collective action [23]. For the reasons set forth below, Plaintiff's motion for step-one notice [23] is granted.

### I. Background

Plaintiff Linda Colon ("Colon") brings this putative collective action against her former employer, Defendant EYM Pizza of Illinois ("EYM Pizza") and EYM Pizza owner, Eduardo Diaz ("Diaz"), (collectively "Defendants"), for alleged violations the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. Defendant EYM Pizza operates Pizza Hut franchise restaurants located in Illinois. (Defs' Answer, Dkt. 15). Colon claims that she and other similarly situated current and former delivery drivers were illegally denied lawful minimum wage rates because they were not properly reimbursed for all required expenditures. Colon seeks authorization to send

1

notice to delivery drivers that have been employed by Defendants during the past three years.

Named Plaintiff Colon was employed by Defendants as a delivery driver for Pizza Hut in Chicago, Illinois during the statutory period and into 2018. (Colon Decl. (Dkt. 23-1, Exh. C) ¶ 1). According to her declaration, her primary job duty was to deliver pizzas and other food items to Pizza Hut customers, and while doing so, she was paid a sub minimum wage hourly rate and as little as $5.00 per hour because Defendants relied on tip credit to comply with their minimum wage obligations. (*Id.* ¶ 2). Colon believes she is owed additional unreimbursed pay because she was required to maintain and pay for an automobile to use in delivering Pizza Hut's pizzas and other food items, but Pizza Hut's automobile reimbursement rates did not fully reimburse her for the expenses. (*Id.* ¶¶ 3, 4). Colon states that she knows that there are other hourly-paid Pizza Hut employees who worked under the same conditions. (*Id.* ¶ 5).

Opt-in Plaintiff Ezell Jenkins also joined the lawsuit. (Jenkins Decl. (Dkt. 23-1, Exh. D). He worked for Pizza Hut in Peoria, Illinois from approximately 2016 to present. (*Id.* ¶ 1). During that time, he worked as both a delivery driver and manager. (*Id.*). Like Colon, Jenkins' primary duty was to deliver pizzas and other food items to Pizza Hut customers, and while doing so, he was paid a sub minimum wage hourly rate and as little as $5.00 per hour. (*Id.* ¶ 2). His declaration also states that Pizza Hut required him to incur various expenses, including automobile expenses, which were not fully compensated by Pizza Hut's reimbursement policy, and he was compensated as low as $.24 per mile. (*Id.* ¶¶ 3, 4). In addition to working as a driver,

2

Jenkins worked for a time as a manager and learned that Defendants' pay and other employment policies were not made on an employee-by-employee basis, but broadly and categorically applied. (*Id.* ¶ 5).

In addition, an additional notice of consent to be a party plaintiff was filed by Erin Milloy on July 19, 2019. (Dkt. 3-1).

## II. Standard

Section 216(b) of the FLSA "gives employees the right to bring their FLSA claims through a 'collective action' on behalf of themselves and other 'similarly situated' employees." *Alvarez v. City of Chi.*, 605 F.3d 445, 448 (7th Cir. 2010) (citing 29 U.S.C. § 216(b)). Because FLSA lawsuits cannot proceed as class actions, "they are opt-in representative actions." *Schaefer v. Walker Bros. Enterprises*, 829 F.3d 551, 553 (7th Cir. 2016). District courts have "wide discretion" in deciding how such collective actions proceed. *Alvarez*, 605 F.3d at 449 (citing *Hoffman-LaRoche v. Sperling*, 493 U.S. 165, 170–72 (1989)).

In this District, courts employ a two-step process. At step one, the conditional certification stage, a plaintiff "must show that there are similarly situated employees who are potential claimants." *See Russell v. Ill. Bell. Tel. Co.*, 575 F. Supp. 2d. 930, 933 (N.D. Ill. 2008). "The conditional approval process is a mechanism used by district courts to establish whether potential plaintiffs in the FLSA collective action should be sent a notice of their eligibility to participate and given the opportunity to opt in to the collective action." *Ervin v. OS Rest. Servs., Inc.*, 632 F.3d 971, 974 (7th Cir. 2011). Plaintiff's burden is to make a "modest factual showing sufficient to

demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law." *Russell*, 575 F. Supp. 2d. at 933; *Bergman v. Kindred Healthcare, Inc.*, 949 F. Supp. 2d 852, 855 (N.D. Ill. 2013) (requiring "modest factual showing of common, unlawful conduct and [] some indication of harm to employees."). To decide whether plaintiffs meet this burden, courts employ a "lenient interpretation" of the term "similarly situated". *Ivery v. RMH Franchise Corp.,* 280 F. Supp. 3d 1121, 1133 (N.D. Ill. 2017).

To meet the modest factual showing standard, plaintiffs must provide "some evidence in the form of affidavits, declarations, deposition testimony, or other documents to support the allegations that other similarly situated employees were subjected to a common policy that violated the law." *Pieksma v. Bridgeview Bank Mortg. Co., LLC*, 2016 U.S. Dist. LEXIS 177177, at *1 (N.D. Ill. Dec. 22, 2016) (internal quotations omitted). However, conditional certification is not automatic and to proceed as a collective action, plaintiffs must "demonstrate similarity among the situations of each plaintiff beyond simply claiming that the FLSA has been violated; an identifiable factual nexus that binds the plaintiffs together as victims of a particular violation of the overtime laws generally must be present." *Briggs v. PNC Fin. Servs. Grp., Inc.*, 2016 U.S. Dist. LEXIS 33703, at *2 (N.D. Ill. Mar. 16, 2016) (citations omitted). If plaintiffs can show that other potential plaintiffs are similarly situated, the court may conditionally certify the case as a collective action and allow notice of the case to be sent to similarly situated employees who may then opt in as plaintiffs. *Grosscup v. KPW Mgmt.*, 261 F. Supp. 3d 867, 870 (N.D. Ill. 2017).

Importantly, the merits are not decided at this stage—the court "does not make merits determinations, weigh evidence, determine credibility, or specifically consider opposing evidence presented by a defendant." *Bergman*, 949 F. Supp. 2d at 855–56 (citation omitted). The second step of the two-step process is more stringent; "following the completion of the opt-in process and further discovery, the defendant may ask the Court to reevaluate the conditional certification to determine whether there is sufficient similarity between the named and opt-in plaintiffs to allow the matter to proceed to trial on a collective basis." *Russell*, 575 F. Supp. 2d at 933 (internal quotations and citations omitted).

### III. Analysis

Defendants object to conditional certification, arguing that (1) Colon's and Jenkins' affidavits are inaccurate and unreliable; (2) Colon has not satisfied the modest factual showing required; and (3) if the class is conditionally certified, the proposed notice and proposal for production of information must be modified.

#### *A. The Affidavits*

Defendants challenge the accuracy and reliability of Colon's and Jenkins' affidavits. (Dkt. 31). Relying on the affidavit of EYM Group Market Manager Thomas Fuqua, Defendants dispute Jenkins' employment dates and "factual conclusions [] since [EYM Pizza] used 185 different reimbursement rates based on 10 different factors which were individualized based on discrete municipalities throughout Illinois." Defendants also contend that the affidavits are based on improper legal

5

conclusions and hearsay because Colon and Jenkins attest that they know certain information based on conversations with other drivers.

First, the Court does not agree that the affidavits are based on improper legal conclusions and hearsay. The declarations are based on Plaintiffs' own first-hand experiences and observations and on conversations with co-workers. That is enough at this stage.

As the court in *Black v. P.F. Chang's China Bistro, Inc.* explained:

> Allegations in declarations need not be highly specific, and it is not necessary for the declarants to provide such details as the dates and times they worked overtime hours for which they were not compensated. The declarations need only allege facts sufficient to support an inference that [he or] she has actual knowledge about other employees' job duties, pay structures, hours worked, and whether they were [properly] paid[.] First-hand observations or conversations with co-workers may be sufficient[.]

2017 U.S. Dist. LEXIS 73322, at *12-13 (N.D. Ill. May 15, 2017) (internal citations and quotations omitted); *see also Pieksma*, 2016 U.S. Dist. LEXIS 177177, at *7 ("A declarant's personal knowledge may include reasonable inferences, as long as those inferences are grounded in observation or other first-hand personal experience.") (internal citations and quotations omitted).

There may be a factual issue to clarify about Plaintiffs' exact employment dates, but that is not a reason to disregard the affidavits. And Defendants' argument about the reimbursement rates and actual wages may be true, but the Court will not weigh the credibility of competing affidavits at this stage. *Bergman*, 949 F. Supp. 2d at 855–56 ("the court *does not* make merits determinations, weigh evidence, determine credibility, or specifically consider opposing evidence presented by a defendant.")

(emphasis added) (citation omitted); *Ruffolo v. LaSalle Grp., Inc.*, 2019 U.S. Dist. LEXIS 31980, at *12 (N.D. Ill. Feb. 28, 2019) ("The Court does not assess witness credibility at this stage."); *Anyere v. Wells Fargo, Co., Inc.*, 2010 U.S. Dist. LEXIS 35599 at *3 (N.D. Ill. Apr. 12, 2010) (declining to decide which facts in the parties' competing affidavits should be accepted until step two of the certification process).

### B. *Modest Factual Showing Standard Met*

Defendants argue that Colon has not satisfied the modest factual showing standard to warrant conditional certification. Defendants argue that their 185 different reimbursement rates mean that individualized factors apply to each driver. They assert that Colon has not provided evidence that she or Jenkins drove enough miles per pay period to bring their hourly rates below the minimum wage, and in fact, Defendants' evidence shows that Plaintiffs were paid well above the Chicago minimum wage at the time.

Defendants are correct that FLSA conditional certification is not a "mere formality." But at this stage, when discovery has not yet begun, the Court does not resolve factual disputes or decide substantive issues. *See Larsen v. Clearchoice Mobility, Inc.*, 2011 U.S. Dist. LEXIS 80899, at *1 (N.D. Ill. July 25, 2011). At step *two*, "[d]iscovery will permit the parties to show which putative class members, if any, are exempt, and which are not." *Boltinghouse v. Abbott Labs., Inc.*, 196 F. Supp. 3d 838, 842 (N.D. Ill. 2016). Now, the Court is "tasked only with determining whether it can 'envision a scenario' where Plaintiffs and potential collective action members are

similarly situated." *Slaughter v. Caidan Mgmt. Co.*, LLC, 317 F. Supp. 3d 981, 989 (N.D. Ill. 2018).

Defendants rely on two cases that are distinguishable. *Vazquez v. Ferrara Candy Co.*, 2016 U.S. Dist. LEXIS 110554 (N.D. Ill. Aug. 19, 2016) declined to conditionally certify the class because "rather than coming near the beginning of the case and without the benefit of significant discovery, Plaintiff's motion for certification of his FLSA claims came at the close of well over one year of discovery which comprised full document production (without any limitation) and depositions." *Id.* at 14. Here, discovery has not begun and there is no evidence of delay on the part of Plaintiffs in moving for conditional certification.

Defendants also rely on *Morgan v. N. Concrete Constr., Inc.*, 2017 U.S. Dist. LEXIS 212515, at *18 (E.D. Wis. Dec. 28, 2017). In that case, the court conditionally certified a "travel time" class, but not a "per diem" class because "[u]nlike the calculation for the travel time class, determining whether the per diem reasonably approximated any individual employee's expenses apparently turns on highly individualized factors." *Id.* at *18. The present case alleges a minimum wage violation, not a per diem/overtime hours violation. The Court does not view the "highly individualized factors" identified by the *Morgan* court as applicable to this case about Pizza Hut's reimbursement policy for local pizza delivery drivers. *See Morgan*, 2017 U.S. Dist. LEXIS 212515 at *18 (considering "the distance between the particular work site and the employee's home; whether the employee stayed in a hotel; whether and where the

8

employee ate breakfast, lunch and dinner; and whether the employee drove his own vehicle, a company truck, or car-pooled with another employee.").

More similar to this case is, for example, *Meetz v. Wis. Hosp. Grp. LLC*, 2017 U.S. Dist. LEXIS 138380 (E.D. Wis. Aug. 29, 2017) and *Bass v. PJCOMN Acquisition Corp.*, 2010 U.S. Dist. LEXIS 144305 (D. Colo. Sep. 15, 2010). In *Meetz*, the court explained, "[b]ecause this record evidence suggests that delivery drivers employed by Defendants were subject to a common compensation and reimbursement policy that resulted in their failure to receive the federal minimum wage, I conclude that they are similarly situated and that conditional certification of a collective action under the FLSA is therefore appropriate." 2017 U.S. Dist. LEXIS 138380 at *2. In *Bass*, the court conditionally certified a class where plaintiffs alleged that "defendants' delivery drivers generally are subject to policies that result in the payment of wages to the drivers at a rate lower than that required by the FLSA." 2010 U.S. Dist. LEXIS 144305 at *5–6.

Defendants hold Plaintiffs to too high of an evidentiary standard at this stage. The allegations in the complaint and sworn affidavits show that Plaintiffs have made the required "modest factual showing." Therefore, for purposes of step one, Plaintiffs have established that EYM Pizza's driver reimbursement policies and practices may violate the FLSA's minimum wage requirements as to Plaintiffs and other similarly situated employees.

9

### *C. Notice and Production of Information*

Turning to Plaintiff's proposed order and notice, in her reply brief, Colon states that she amended the proposed notice and order to adopt Defendants' requested changes. *See* Dkt. 32-3 (Exhibit C) and Dkt. 32-2 (Exhibit B). Plaintiff defines the Class Members as "Defendants' current and former Pizza Delivery Drivers who were employed during any week from [Three years prior to the entry of this Order] and the present from any of Defendants' Illinois-based locations." (Dkt. 32-2).

Defendants listed five objections to the original notice in their response brief (Dkt. 31 at 9–10). Plaintiffs' proposed notice at Dkt. 32-3 (Exhibit C) makes the changes Defendants requested.

In addition, Defendants made requests regarding distribution, the opt-in period, and a confidentiality order. With regard to distribution, the Court agrees with Defendants that any email notice must be such that the notices are attached as a .pdf file instead of in the body of the email. Plaintiffs made the change to the opt-in period as Defendants requested. Finally, the Court grants Defendants' request for a confidentiality order.

## IV. Conclusion

For the stated reasons, Plaintiff's motion for step-one notice of her Fair Labor Standards Act collective action [23] is granted as follows:

(1) Parties shall submit to the Court's proposed order box (Proposed_Order_Rowland@ilnd.uscourts.gov), a proposed agreed confidentiality order on or before October 23, 2019.

(2) Defendants shall produce the names, last known addresses, email addresses, and telephone numbers of the following "Class Members": Defendants' current and

former Pizza Delivery Drivers who were employed during any week from [Three years prior to the entry of this Order] and the present from any of Defendants' Illinois-based locations. ("Employee Information").

(3) Defendants shall provide the Employee Information in an electronic form that can be used by Plaintiff in mailing out the Court-approved Notice. If the information is not stored electronically, Defendants shall provide it in written form. This information must be produced to Plaintiff within 21 days of the entry of this Order. If Defendants fail to provide the Employee Information within 21 days of the date this Order is signed, the statute of limitations is equitably tolled for each day after the 21st day that Defendants fail to provide the Employee Information.

(4) The Court authorizes that the Notice submitted as Exhibit C to Plaintiff's Reply in support of her Motion (Dkt. 32-3 (Exhibit C)) and Consent Form submitted as Exhibit B to Plaintiff's Motion (Dkt. 23-1) may be immediately issued to those individuals whose names are being provided as required by this Order along with a self-addressed, postage paid return envelope for and U.S. Postal Mailing. The Notice and Consent forms shall be mailed by first class mail or overnight delivery at Plaintiff's attorneys' expense and may also be sent electronically. The Potential Plaintiffs shall be provided 60 days after the date the Notice and Consent forms are initially mailed to file a Consent to Join form opting-in to this litigation, unless the Parties agree to permit late filings or good cause can be shown as to why the consent was not postmarked or received prior to the deadline.

(5) A Consent to Join that is postmarked on the deadline is considered timely. Consents received by mail without postmarks shall be considered timely if received within five business days of the deadline. Plaintiff shall provide the Court and opposing counsel with a notice indicating the date on which the Notice forms were initially mailed so the Court and the Parties are advised of the beginning of the opt-in period. Within five days of the mailing date, Defendants shall post the Notice and Consent to Join forms at each of Defendants' branches/offices that employ the Potential Plaintiffs (as defined in the Motion). The posting will be in an area readily and routinely available for review by such employees. Defendants will verify to Plaintiff in writing that the postings are complete.

(6) Within 10 days after the close of the Opt-In Period, Plaintiffs' counsel will file the consent forms for the Opt-In Plaintiffs, noting the signed date for each individual on the Notice of Filing. For purposes of the statute of limitations, the signed date will be the date the consent forms are considered to be filed with the Court.

(7) Within 30 days after the close of the opt-in period, the Parties are directed to confer pursuant to Rule 16(b) to present the Court with a proposed Joint Scheduling Order and Case Management Plan setting forth proposed dates and covering the items set forth in the Court's previous Order Requiring Scheduling Conference. The

Case Management Plan should set forth the Parties' agreements concerning how discovery will proceed and how the case will proceed at trial. If the Parties cannot agree on elements of the Proposed Scheduling Order or Case Management Plan, they may present their views in the submission for Court determination. The Parties must file the Joint Scheduling Report and Case Management Plan within 14 days of the deadline for the Parties to confer.

The Court will set a status hearing after the parties file their proposed Joint Scheduling Order and Case Management Plan.

E N T E R:

Dated: October 15, 2019

_____
MARY M. ROWLAND
United States District Judge