IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LINDA COLON, on behalf of herself and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> EYM PIZZA OF ILLINOIS, INC. and EDUARDO DIAZ, <br><br> Defendants. | Case No. 18-cv-05743 <br><br> Judge Mary M. Rowland |

## MEMORANDUM OPINION AND ORDER

Defendants EYM Pizza of Illinois and Eduardo Diaz move to compel arbitration in this putative collective action brought by Linda Colon under the Federal Labor Standard Act (FLSA). For the reasons stated herein, the motion to compel arbitration and to stay the proceedings [98] is granted.

### I. Background

Plaintiff Linda Colon, a former employee of EYM's Pizza Hut Stores, brings this FLSA and Illinois Minimum Wage Law against Defendants as a putative collective action. 29 U.S.C. § 203. Plaintiff alleges that EYM's reimbursement for delivery costs is below the Internal Revenue Service mileage reimbursement rate, meaning that "drivers' net wages are diminished beneath the federal minimum wage requirements." [1 at ¶ 21]. The first consent to opt-in was filed by plaintiff on October 3, 2018. [13]. Defendants filed their Answer on October 16, 2018, without raising arbitration. [15].

A year later, this Court granted Plaintiff's opposed motion for step-one notice of her FLSA collection action. [43]. After notice was sent, the opt-in period was extended through October 2020. [71]. While the notice period was pending, Plaintiff filed 53 and 93 consent forms from opt-ins on January 17, 2020 and February 14, 2020, respectively. [46, 47].

On January 29, 2021, Plaintiff produced a list of 136 class members class who timely submitted opt-in forms. [98, Ex. 2]. On April 21, 2021, Plaintiff produced additional identifying information, including the last four digits of members' social

1

security numbers allowing EYM to ascertain their identities. Less than one month later, on May 2, 2021, Defendants filed the present motion to compel arbitration. [81].

At that point, the parties engaged in mediated settlement discussions but were unable to resolve the matter.[1] Defendants seek to compel arbitration of sixty-six (66) Arbitration Opt-In Plaintiffs' claims based on signed arbitration agreements. Defendants request the claims as to these sixty-six (66) Arbitration Opt-Ins be stayed.

## II.  Standard

It is well-settled that pursuant to the Federal Arbitration Act ("FAA"), "[a] written provision in . . . a contract . . . to settle by arbitration a controversy thereafter arising out of such contract . . . shall be valid, irrevocable, and enforceable." 9 U.S.C. § 2. The Act "mandates that district courts *shall* direct parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985). It reflects a "liberal federal policy favoring arbitration agreements," *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 346 (2011) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983)), and places "arbitration agreements on an equal footing with other contracts," *Gore v. Alltel Comm'ns, LLC*, 666 F.3d 1027, 1032 (7th Cir. 2012) (quoting *Concepcion*, 563 U.S. at 339). "When deciding whether parties agreed to arbitrate a certain matter, courts generally should apply ordinary state-law principles that govern the formation of contracts." *Druco Rest., Inc. v. Steak N Shake Enterp., Inc.*, 765 F.3d 776, 781 (7th Cir. 2014). "Whether enforcing an agreement to arbitrate or construing an arbitration clause, courts and arbitrators must give effect to the contractual rights and expectations of the parties." *Smith v. Bd. of Directors of Triad Mfg., Inc.*, 13 F.4th 613, 619 (7th Cir. 2021) (cleaned up).

In response to a party's refusal to arbitrate despite a written agreement for arbitration, the opposing party "may petition any United States district court . . . for an order directing that such arbitration proceed in the manner provided for in such agreement." 9 U.S.C. § 4. The party seeking to compel arbitration bears the burden to show an agreement to arbitrate. *Id.*; *see A.D. v. Credit One Bank, N.A.*, 885 F.3d 1054, 1063 (7th Cir. 2018). "The court may consider exhibits and affidavits regarding the arbitration agreement in question." *Friends for Health: Supporting N. Shore Health Ctr. v. PayPal, Inc.*, No. 17 CV 1542, 2018 WL 2933608, at *3 (N.D. Ill. June 12, 2018). Once the moving party makes its initial showing, the party resisting arbitration bears the burden of identifying a triable issue of fact on the purported arbitration agreement. *See Tinder v. Pinkerton Sec.*, 305 F.3d 728, 735 (7th Cir. 2002). The resisting party's evidentiary burden is like that of a party opposing summary

---

[1] Defendants re-filed their motion to compel arbitration on January 28, 2022 [98] because the Court had erroneously denied the original motion as moot when the parties were in settlement discussions. [94]. The operative date for determining whether Defendants waived their right to arbitrate is the earlier date, May 2, 2021.

judgment. *Id*. "[A] party cannot avoid compelled arbitration by generally denying the facts upon which the right to arbitration rests; the party must identify specific evidence in the record demonstrating a material factual dispute for trial." *Id*. As with summary judgment, the court views the evidence in the light most favorable to the nonmoving party and draws reasonable inferences in its favor. *Id*. If the party opposing arbitration identifies a genuine issue of fact as to whether an arbitration agreement was formed, "the court shall proceed summarily to the trial thereof." *Id*. (quoting 9 U.S.C. § 4).

### III. ANALYSIS

At the start of their employment, named Plaintiff Colon and apparently sixty-five (65) opt-in plaintiffs signed an agreement which contained a mandatory arbitration clause. [98 at 2]. These Opt-In plaintiffs signed an "Election and Arbitration Agreement." *Id*. The agreement, contained in the Crew Policies and Procedures, states:

> a) Mutual Promises to Resolve Claims by Binding Arbitration:
>
> I recognize that disputes may arise between the Company … and me during or after my employment with the Company. I understand and agree that any and all such disputes that cannot first be resolved through the Company's internal dispute resolution procedures or mediation must be submitted to binding arbitration.
>
> b) Claims Subject to Arbitration; Claims and disputes covered by this agreement include:
>
> All claims and disputes that I may now have or may in the future have against the Company … and/or any of their officers, directors, shareholders, partners, owners, employees and agents. The types of claims covered by this Agreement include, but are not limited to, any and all: Claims for wages or other compensation. . . Claims for a violation of any other federal, state or other governmental law, statute, regulation or ordinance.

[98, Ex. 1 at 4]. Plaintiff does not contest that this action clearly falls within the scope of the agreement. Rather, Plaintiff argues that: (1) Defendants waived their right to arbitration by engaging in years of litigation without raising the issue and (2) the arbitration agreements signed by some opt-in plaintiffs are not valid and enforceable.

#### A. Waiver

Plaintiff argues that Defendants waived their right to arbitration by failing to act diligently in moving for arbitration. [105 at 4]. Plaintiff contends that this lawsuit

3

has been pending since 2018, and Defendants failed to use "all reasonable means necessary" for this Court to "make the earliest feasible determination of whether to proceed judicially or by arbitration." *Id.* at 5. This is a close call but the Court finds that, under the case law, the Defendants did not waive their right to arbitrate.

Courts find waiver, based on the totality of the circumstances, where a party acted inconsistently with the right to arbitrate. *Sharif v. Wellness Int'l Network, Ltd.*, 376 F.3d 720, 726 (7th Cir. 2004). The Seventh Circuit held that a party's diligence should be considered alongside: whether the allegedly defaulting party participated in litigation, substantially delayed its request for arbitration, or participated in discovery. *See Cabinetree of Wisconsin v. Kraftmaid Cabinetry,* 50 F.3d 388, 391 (7th Cir. 1995); *Dickinson v. Heinold Secs., Inc.*, 661 F.2d 638, 641 (7th Cir. 1981) ("a waiver of arbitration is not lightly to be inferred.").

In *Kawasaki Heavy Industries, Ltd. v. Bombardier Recreational Products, Inc. et al.*, 660 F. 3d 988, 996 (7th Cir. 2011), the court found that an agreement to arbitrate could be waived explicitly or implicitly and instructed that to infer a waiver, a court must consider: (1) the defaulting party's diligence; (2) whether the defaulting party participated in litigation and discovery; and (3) although this circuit does "not require a showing of prejudice," prejudice to the non-defaulting party is a factor to consider. *Id.* at 994. The *Kawasaki* court reversed a finding of waiver, even after five years of litigation, because the party seeking arbitration had done all it could at that stage of litigation. *See Cabintree of Wisconsin, Inc. v. Kraftmade Cabinetry, Inc.,* 50 F.3d 388, 391 (7th Cir. 1995) ("did [party seeking arbitration] do all it could reasonably have been expected to do to make the earliest feasible determination of whether to proceed judicially or by arbitration?")

Plaintiffs rely on *St. Mary's Med. Ctr. of Evansville, Inc. v. Disco Aluminum Products Co., Inc.*, 969 F.2d 585, 589 (7th Cir. 1992), where the court affirmed the district court's finding of waiver based on a ten-month delay between the filing of the complaint and defendant's request for arbitration. The court found the delay was significant because the defendant never mentioned arbitration until after it lost its motion which sought dismissal of St. Mary's case on the merits.

What makes this case a close call is that the named Plaintiff, Linda Colon, signed an arbitration agreement. Defendants must have had knowledge about her arbitration agreement in August 2018 when she filed the litigation. Furthermore, Plaintiff filed the first consent to opt-in on October 3, 2018. The opt-in was Ezell Jenkins, who also signed an agreement to arbitrate. And yet, Defendants did not raise the issue for another two plus years.

In addition, in January and February 2020, Plaintiff filed a total of 146 opt-in notices. [46, 47]. A significant percentage of these individuals are the persons that Defendants assert signed arbitration agreements. Instead of raising arbitration in

4

2020, Defendants waited and filed a motion to compel arbitration over a year later, on May 4, 2021. Defendants assert they waited until they received the *final list* of Opt-In Plaintiffs and that prior to receiving this list, they were not able to confirm the identity of opt-ins who had executed an arbitration agreement. So the delay of nearly three years, from the start of the litigation in August of 2018 to May of 2021, was based on the Defendants' need to verify the identities of the Opt-In Plaintiffs. While this delay is frustrating, the Court is persuaded Defendants did not waive their right to arbitrate.

Of particular importance is that Defendants have not filed any dispositive motion. Unlike the cases that have found waiver, the Defendants have not received a ruling on the merits and then sought to arbitrate. Litigation has been length but not focused on the merits. Rather, after filing an Answer, defendants opposed Step One notice pursuant to the FLSA, then participated in mediation and participated in discovery. Significantly, during discovery, defendants have purposely not included the Arbitration Opt-In plaintiffs in discovery.

The Court finds Defendants did not waive their right to arbitrate in this case.

### B. The Agreements are enforceable

The Court next turns to the validity of the arbitration agreements. Plaintiff observes that not all Opt-Ins signed an arbitration agreement, and they argue the arbitration agreements lack "clear intent on behalf of the signatories." [105 at 8].

Under the FAA, a court may stay claims as to certain plaintiffs until arbitration is completed. *See* 9 U.S.C. § 3; *Sylvester v. Wintrust Fin. Corp.*, 12 C 01899, 2013 WL 5433593 at *9 (N.D. Ill. Sept. 30, 2013) (staying claims related to parties that signed an arbitration agreement but allowing the others to move forward). The case will proceed as to the Opt-Ins who do not have arbitration agreements.

Plaintiff contends that the agreements are invalid because they "come in various forms, some with missing pages, and without evincing the intent necessary for judicial enforcement." [105 at 8]. Despite objecting to the form of the agreements, Plaintiff does not argue that any of the sixty-six (66) Arbitration Opt-In Plaintiffs did not sign the agreement. Furthermore, the "floating signature" pages indicate that the signature corresponds with the "Crew Policies and Procedures" followed by the actual Crew Policies and Procedures that includes the arbitration language. *See, e.g.* Dkt. 98, Exh. 1 at 2. In light of the uncontested documentation provided by Defendants, the Court finds the agreements to be enforceable. *See Gupta v. Morgan Stanley Smith Barney, LLC*, 934 F.3d 705, 710 (7th Cir. 2019) ("Although [the FAA] requires arbitration agreements to be in writing, it does not require them to be signed.").

The Defendant's motion to compel arbitration and to stay this action is granted as to the following Arbitration Opt-in Plaintiffs: Plaintiff Linda Colon, as well as Jamal Akbar, Brunson Alexander, Kenshay Brown, Rodney Butler, Aundria Canty, Lamont Carey, Clifford Carr III, Michael Delcore, William Deloria, Tyris Easley, Chad Edens, Wayne Ellis, Dylan Evans, Jacob Farmer, Dylan Giblin, Jose Gonzalez, Christina Hansen, Kenneth Hawkins, Jimmy Hughes, Ronald Jackson, Collin Janes, David Janzen, Melanie Janzen, Will Jarman, Ezell Jenkins, Matthew Jones, Patrick Jones, Fred Jordan, Timothy Joy, Jorgina Kelly, Neil Kennelly, Preston Kyles, Deston LaRue, Israel Lopez, Maria Martinez, Robin McKenzie-Brooks, Tiara McKinney, Heather McLaughlin, Kevin Miller, Fernando Mendoza Moran, Tracy Myers, Mihail Nedelchev, Noe Ochoa, Taylor Ponton, Michael Pyles, Julius Reynolds, Brennan Rork, Joseph Ross, Jennifer Sally, Shonte Sanders, Iliya Sapundzhiev, Norman Saunders, Uland Sigers, Tyree Simmons, Michael Thornton, Joseph Van Dyke, Teresa Vickers, Shain Wade, Tyonna Waller, Michael Ward, Steven Watzke, Amber Whitby, Kabron Williams, Tyler Williams, and Savanta Willis.

Litigation shall proceed for the remaining Opt-In Plaintiffs.

## **CONCLUSION**

For the reasons stated herein, Defendants' motion to compel arbitration and to stay the proceedings [98] is granted.

E N T E R:

Dated: September 1, 2022

*Mary M Rowland*

MARY M. ROWLAND
United States District Judge