# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

MARK LOFTON, individually and on
behalf of all others similarly situated,

Plaintiff,

v.

EYM PIZZA OF ILLINOIS, LLC and
EDUARDO DIAZ,

Defendants.

Case No. 18-cv-5743

Judge Mary M. Rowland

## MEMORANDUM OPINION AND ORDER

Plaintiff Mark Lofton ("Lofton"), a former delivery driver for one of Defendant EYM's Pizza Hut ("EYM Pizza") stores in Illinois, filed this action against EMY Pizza and its owner Eduardo Diaz ("Diaz"), (collectively "Defendants"), as a collective action[1] under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* and as a putative class action under the Illinois Minimum Wage Law ("IMWL"), 820 ILCS § 1051 *et seq.* Lofton claims that he and other similarly situated current and former delivery drivers were illegally denied lawful minimum wage rates because they were not properly reimbursed for all required expenditures. Plaintiff moves for class certification. For the reasons stated below, Plaintiff's motion for class certification [138] is granted.

---

[1] The Court conditionally certified a collective action of current and former delivery drivers under 29 U.S.C. 216(b) [43]. The previous class representative, Linda Colon, was compelled to arbitrate. [120]. Lofton, previously an opt-in, agreed to serve as class representative and replaced Colon in the First Amended Complaint. [124].

1

## I.  Legal Standard

Under Rule 23(a), class certification is permitted only when: "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a). Additionally, when class certification is sought pursuant to Rule 23(b)(3), "proponents of the class must also show: (1) that the questions of law or fact common to the members of the proposed class predominate over questions affecting only individual class members; and (2) that a class action is superior to other available methods of resolving the controversy." *Messner v. Northshore Univ. HealthSystem*, 669 F.3d 802, 811 (7th Cir. 2012) (citing *Siegel v. Shell Oil Co.*, 612 F.3d 932, 935 (7th Cir. 2010)).

"Plaintiff[] bear[s] the burden of showing that a proposed class satisfies the Rule 23 requirements, but ... [i]t is sufficient if each disputed requirement has been proven by a preponderance of evidence." *Messner*, 669 F.3d at 811 (citation omitted). The Court must engage in a "rigorous analysis," resolving material factual disputes that bear on the certification requirements where necessary. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350–51 (2011); *Bell v. PNC Bank, Nat. Ass'n,* 800 F.3d 360, 377 (7th Cir. 2015). But "[i]n conducting [the Rule 23] analysis, the court should not turn the class certification proceedings into a dress rehearsal for the trial on the merits." *Messner*, 669 F.3d at 811; *see also Amgen Inc. v. Conn. Ret. Plans & Tr. Funds*, 568 U.S. 455, 465–66 (2013); *Dancel v. Groupon, Inc.*, 949 F.3d 999, 1005 (7th Cir. 2019)

2

(the analysis involves "a peek at the merits that is limited to those aspects of the merits that affect the decisions essential under Rule 23.") (cleaned up).

## II.   Analysis

Plaintiff moves for class certification of his IMWL claims pursuant to Rule 23(b)(3) [138]. Plaintiff proposes the following definition of the proposed class: "All current and former delivery drivers who work or worked at any of Defendants' Pizza Hut Pizza stores from August 22, 2015, to the point of judgment." [138] at 1.

Plaintiff argues that his proposed class meets the requirements of numerosity, commonality, typicality, and adequacy under Rule 23(a), as well as the requirements of predominance and superiority under Rule 23(b)(3). Defendants challenge Plaintiff's class certification motion by arguing that (1) Plaintiff cannot satisfy Rule 23(a)'s requirements of commonality and typicality and (2) Plaintiff has not met the predominance and superiority requirements of Rule 23(b)(3).[2] The Court addresses each requirement under Rule 23 in turn.

### A.   Rule 23(a)(1): Numerosity

Rule 23(a)(1) requires that members of a class be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). Plaintiff asserts that there are currently 300 delivery drivers working at Defendants' 60 stores in Illinois, and approximately 1,000 delivery drivers worked at Defendants' stores between 2016 and

---

[2] Defendants assert Plaintiff's proposed class definition is facially invalid because it does not limit itself to drivers in Illinois. [153] at 5–6. The Court disagrees because EYM Pizza only operates Pizza Hut stores within Illinois and Plaintiff has only asserted Illinois claims.

3

2019. [138] at 6. Defendants do not dispute that Plaintiff has established numerosity. The Seventh Circuit has recognized that "'a forty-member class is often regarded as sufficient to meet the numerosity requirement.'" *Orr v. Shicker*, 953 F.3d 490, 498 (7th Cir. 2020) (quoting *Mulvania v. Sheriff of Rock Island County*, 850 F.3d 849, 859 (7th Cir. 2017)). Plaintiff has satisfied the numerosity requirement.

### B.      Rule 23(a)(2): Commonality

To satisfy the commonality requirement, Plaintiff must demonstrate there are "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). A question is common to the class if it generates a common answer, such that determination of the question will "resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal–Mart*, 564 U.S. at 350.  The focus on commonality is "the capacity of a class-wide proceeding to generate common answers apt to drive the resolution of the litigation." *Orr v. Shicker*, 953 F.3d 490, 499 (7th Cir. 2020) (quoting *Wal–Mart*, 564 U.S. at 350).

Plaintiff asserts that the following common questions drive the resolution of his claims:

> (1) whether Defendants failed to pay delivery drivers the applicable minimum wage by under-reimbursing for vehicle expenses;
>
> (2) whether delivery drivers had similar job duties;
>
> (3) whether delivery drivers' job duties required them to use their personal automobiles;
>
> (4) whether Defendants required delivery drivers to maintain these vehicles in a safe and legally operable way;

4

(5) whether delivery drivers incurred vehicle-related expenses on Defendants' behalf during their employment; and

(6) whether Defendants subject delivery drivers to uniform pay policies.

[157] at 4–5.

Defendants contend that Plaintiff cannot establish commonality because (1) there are differences in employment settings and factual circumstances and (2) each putative class member's expense reimbursement were paid and calculated in an individualized way. [153] at 6–10. The Court disagrees. First, Defendants' reliance on *Camilotes v. Resurrection Health Care Corp.*, 286 F.R.D. 339 (N.D. Ill. 2012) and *Armstrong v. Wheels Assured Delivery Systems, Inc* No. 115CV00354SEBMJD, 2016 WL 1270208 (S.D. Ind. Mar. 30, 2016) is misplaced. In *Camilotes*, the court denied certification due to "varying job duties and work environments" as plaintiffs worked in different locations, under different supervisors, with different policies, and with different methods of reporting. 286 F.R.D. at 348. However, the plaintiffs in *Camilotes* conceded that there was *no* "system-wide policy" addressing the meal period deduction at issue. *Id.* In *Armstrong*, the court ruled against certification because there were "relevant and significant differences among the Drivers with regard to … their routes, their hours, their mileage, and the varying levels of interaction they have with Employers depending on the type of work they perform and the customers they are servicing." 2016 WL 1270208, at *6. Like *Camilotes*, there was no common pay policy in *Armstrong* because "some drivers were paid on a flat rate per route, other drivers were paid on a percentage of revenue, and some

5

negotiated their pay per delivery." *Id.* Here, as Defendants concede, it is undisputed that they universally tracked mileage for all putative class members with Google Maps and utilized Motus to calculate reimbursement rates. [153] at 9. This demonstrates that the reimbursement policy was applied system-wide to all delivery drivers. In sum, Plaintiff satisfies the commonality requirement because his claims address a system-wide policy that affected all the putative class members.

### C. Rule 23(a)(3): Typicality

"Generally, a class representative's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and her claims are based on the same legal theory. Although the typicality requirement may be satisfied even if there are factual distinctions between the claims of the named plaintiffs and those of other class members, the requirement primarily directs the district court to focus on whether the named representatives' claims have the same essential characteristics as the claims of the class at large." *McFields v. Dart*, 982 F.3d 511, 517–18 (7th Cir. 2020) (cleaned up); *see also Lacy v. Cook Cnty.*, 897 F.3d 847, 866 (7th Cir. 2018). The requirements for commonality and typicality "tend to merge." *Wal-Mart*, 564 U.S. at 349 n.5.

Defendants argue that Plaintiff has not presented evidence that expense reimbursements made based on the specific car he drove to make deliveries, the geographic location, and myriad of factors considered by Motus "when it generated the precise reimbursement rate applicable to [Plaintiff] … are in any way congruent with the unnamed members of the putative class." [153] at 10–11. This Court's

6

inquiry is whether Plaintiff's claim "ha[s] the same essential characteristics as the claims of the class at large" even if there are "factual distinctions." *McFields*, 982 F.3d at 517–18 (cleaned up). Here, it is undisputed that all drivers share the same job duties regardless of location, all drivers are tipped employees paid at a sub-minimum or near minimum wage rate while making deliveries, Defendants reimburse all drivers' vehicles expenses on a per-mile basis by relying on Motus to determine these rates, and Defendants utilize the same employment policies across all locations. [157] at 1. In short, Plaintiff was subject to the same *system-wide* vehicle reimbursement policies as the proposed class members and his claim relies on the same legal theory. Thus, Plaintiff's claim satisfies the typicality requirement.

### D.    Rule 23(a)(4): Adequacy

The adequacy requirement under Rule 23(a)(4) comprises two parts: "(1) the adequacy of the named plaintiffs as representatives of the proposed class's myriad members, with their differing and separate interests, and (2) the adequacy of the proposed class counsel." *Gomez v. St. Vincent Health, Inc.*, 649 F.3d 583, 592 (7th Cir. 2011).

Plaintiff asserts he satisfies both components of the adequacy requirement. First, Plaintiff held the same job as all the putative class members that were subject to the same conditions of employment. To put it another way, Plaintiff has "the same interest and injury" as the proposed class. *Patzfahl v. FSM ZA, LLC*, No. 20-CV-1202, 2022 WL 17818395, at *3 (E.D. Wis. Dec. 19, 2022). Additionally, Plaintiff has worked with counsel on this case and provided a declaration that he will protect the interest

of the class. [138] at 12. Overall, there is nothing in the record to indicate that Plaintiff has any conflict of interest with the other members of the proposed class. Second, with respect to proposed class counsel, Plaintiff asserts that his counsel are highly-experienced wage and hour class and collective action litigators that have litigated many similarly pizza delivery under-reimbursement cases and other actions in various jurisdictions. [138] at 12.

Plaintiff has satisfied the adequacy requirement under Rule 23(a)(4).

### E.      Rule 23(b)(3): Predominance

Rule 23(b)(3) builds upon Rule 23(a)'s requirement of commonality by further requiring that common questions "predominate over any questions affecting only individual members." Fed. R. Civ. P. 23(b)(3). Common questions predominate over other issues in the case when "a common nucleus of operative facts and issues underlies the claims brought by the proposed class." *Messner*, 669 F.3d at 815 (cleaned up). In other words, class certification under Rule 23(b)(3) is proper when "common questions represent a significant aspect of a case and can be resolved for all members of a class in a single adjudication." *Id.*

Defendants make arguments like those that they make in disputing whether the proposed class meet the related requirement of commonality under Rule 23(a)(2). However, "[i]t is well established that the presence of individualized questions regarding damages does not prevent certification under Rule 23(b)(3)." *Messner*, 669 F.3d at 815 (citing *Wal–Mart*, 564 U.S. at 362). This is particularly so where the calculation of damages "will be mechanical [and] formulaic, a task not for a trier of

8

fact but for a computer program." *Starr v. Chicago Cut Steakhouse, LLC*, 75 F. Supp. 3d 859, 875 (N.D. Ill. 2014) (quoting *Espenscheid v. DirectSat USA, LLC*, 705 F.3d 770, 773 (7th Cir. 2013)). Consequentially, courts have granted class certification under Rule 23(b)(3) in other delivery driver cases because "although the damages for each delivery driver will be an individual determination common questions still predominate because the damages arise from a course of conduct that is applicable to the entire class: Defendants' payroll practices." *Patzfahl*, 2022 WL 17818395, at *4 (cleaned up) (collecting cases). Whether Defendants' system-wide policy of vehicle reimbursement satisfies the requirements of the IMWL is a central issue that may be resolved for all class members in a single adjudication. Thus, Plaintiff has met his burden to show that common issues predominate over individual questions.

### F.    Rule 23(b)(3): Superiority

Rule 23(b)(3) permits class certification only in cases where "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). The Seventh Circuit has recognized that, like commonality, Rule 23(b)(3)'s superiority requirement is closely related to the requirement of predominance—the more that common questions predominate over other issues in the case, the more likely it is that a class action is the superior method of adjudication. *See Messner*, 669 F.3d at 814 n.5.

Defendants first argue that adjudication on a classwide basis is not manageable for the Court. [153] at 13–14. Similarly, Defendants contend that the lack of interest from putative class members indicates resolution as a class action is

9

not a superior method of adjudication. [153] at 17. The Court is unpersuaded by these arguments. As explained, common questions predominate, and class certification is the most efficient method of adjudicating the class members' IMWL claim. *See Messner*, 669 F.3d at 814 n.5. Additionally, Defendants argue that the Court should decline to exercise supplemental jurisdiction because the state law claims will predominate over the FLSA claims due to the number of potential state law class members.[3] [153] at 15–16. The Court declines this request as the Seventh Circuit has held that a "disparity between the number of FLSA plaintiffs and the number of state-law plaintiffs is not enough to affect the supplemental jurisdiction analysis." *Ervin v. OS Restaurant Services, Inc.*, 632 F. 3d 971, 981 (7th Cir. 2011).

Overall, the Court concludes that Plaintiff has satisfied the superiority requirement under Rule 23(b)(3).

### G. Proposed Notice

Plaintiff requests that the Court approve the proposed class notice. [138-10]. The Court finds that the notice satisfies the requirements of Rule 23(c)(2)(B). The notice is approved and may be sent.

---

[3] Defendants briefly assert, without support or further development, that the IMWL claim raises "novel issues of state law" in terms of "whether Defendant's expense reimbursement program violated the IMWL." [153] at 16. Defendants have waived any argument the IMWL will present a novel issue of law. *See Puffer v. Allstate Ins. Co.*, 675 F.3d 709, 718 (7th Cir. 2012) (conclusory and underdeveloped arguments are waived); *see also Ervin v. OS Restaurant Services, Inc.*, 632 F.3d 971, 980 (7th Cir. 2011) ("[IMWL] claims essentially replicate the FLSA claims."). Even if the case did present a novel issue, that would not prevent class certification or the exercise of pendant jurisdiction.

10

### III.  Conclusion

For the reasons explained above, Plaintiff's motion for class certification [138] is granted.

E N T E R:

Dated: August 22, 2024

_____
MARY M. ROWLAND
United States District Judge

11